IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMON DONATO SAIZ,

    Plaintiff,

v.                                                Case No. 1:23-cv-00660-JMR-GBW

ADD EXPRESS, INC.,

    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE AND PUNITIVE DAMAGES

Defendant, ADD Express, Inc., ("ADD Express" or "Defendant"), by and through its counsel of record, Mayer LLP (Brian J. Fisher and Moses B. Winston), file this Answer to the Complaint for Negligence and Punitive Damages (the "Complaint") filed in the state court by Plaintiff, Ramon Donato Saiz ("Plaintiff") and state the following:

### PARTIES, JURISDICTION AND VENUE

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them, demanding strict proof thereof.

2. Defendant admits the allegation in Paragraph 2 of the Complaint that ADD Express is a corporation licensed as a motor carrier by the Federal Motor Carrier Safety Administration. The remaining allegations involve legal questions to which no responsive pleading is required. Nevertheless, Defendant denies the remaining allegations in Paragraph 2 of the Complaint and demands strict proof

thereof.

3. The allegations contained in Paragraph 3 of the Complaint involve legal questions to which no responsive pleading is required. Nevertheless, Defendant admits that the United States District Court for the District of New Mexico has jurisdiction over the present litigation.

4. The allegations contained in Paragraph 4 of the Complaint involve legal questions to which no responsive pleading is required. Nevertheless, Defendant admits that the venue of the present litigation in the United States District Court for the District of New Mexico is proper.

5. The allegations contained in Paragraph 5 of the Complaint involve legal questions to which no responsive pleading is required. Nevertheless, Defendant admits that the United States District Court for the District of New Mexico has jurisdiction over the present litigation and is the proper venue for the present litigation.

**FACTUAL ALLEGATIONS**

6. Defendant admits the allegations contained in Paragraph 7 [sic][1] of the Complaint.

7. The allegations contained in Paragraph 8 of the Complaint, including subparts "a." through "e.," relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 8 of the Complaint, including subparts "a." through "e.," and demands

---

[1] The Complaint omits a Paragraph 6.

strict proof thereof.

8.     The allegations contained in Paragraph 9 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 9 of the Complaint and demands strict proof thereof.

9.     The allegations contained in Paragraph 10 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

10.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies them, demanding strict proof thereof.

11.    Defendant admits the allegations contained in Paragraph 12 of the Complaint that ADD Express employed Jose Luis Ramirez Lopez ("Lopez") to operate a tractor trailer. The remaining allegations contained in Paragraph 12 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the remaining allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

12.    The allegations contained in Paragraph 14 [sic][2] of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 14 of the

---

[2] The Complaint omits a Paragraph 13.

Complaint and demands strict proof thereof.

13. The allegations contained in Paragraph 1 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof. Defendant specifically denies the allegations contained in Paragraph 15 of the Complaint that it did not "properly hired [sic], qualified, trained, and supervised Lopez."

14. The allegations contained in Paragraph 16 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

16. The allegations contained in Paragraph 18 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

17. The allegations contained in Paragraph 19 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

18. The allegations contained in Paragraph 20 of the Complaint relate to

legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

19. The allegations contained in Paragraph 21 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

20. The allegations contained in Paragraph 22 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

21. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies them, demanding strict proof thereof.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies them, demanding strict proof thereof.

23. The allegations contained in Paragraph 25 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

24. The allegations contained in Paragraph 26 of the Complaint relate to

legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

25. The allegations contained in Paragraph 27 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof.

26. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies them, demanding strict proof thereof.

27. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies them, demanding strict proof thereof.

28. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies them, demanding strict proof thereof.

29. The allegations contained in Paragraph 31 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

30. The allegations contained in Paragraph 32 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant

specifically denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

31. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies them, demanding strict proof thereof.

32. The allegations contained in Paragraph 34 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

33. The allegations contained in Paragraph 35 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

35. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

36. The allegations contained in Paragraph 38 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 38 of the Complaint and demands strict proof thereof.

37. Defendant is without sufficient information to admit or deny the

allegations contained in Paragraph 39 of the Complaint and therefore denies them, demanding strict proof thereof.

38. The allegations contained in Paragraph 40 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

39. The allegations contained in Paragraph 41 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

40. The allegations contained in Paragraph 42 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

41. The allegations contained in Paragraph 43 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

42. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore denies them, demanding strict proof thereof.

43. Defendant is without sufficient information to admit or deny the

allegations contained in Paragraph 45 of the Complaint and therefore denies them, demanding strict proof thereof.

44. The allegations contained in Paragraph 46 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 46 of the Complaint and demands strict proof thereof.

45. The allegations contained in Paragraph 47 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

46. The allegations contained in Paragraph 48 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

**CAUSES OF ACTION**
**(Count One: Vicarious Liability)**

47. Paragraph 49 of the Complaint is merely an incorporation by reference to which no responsive pleading is required. However, to the extent that a responsive pleading is required, Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if set forth fully herein.

48. The allegations contained in Paragraph 50 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant admits the allegations contained in Paragraph 50 of the Complaint.

49. The allegations contained in Paragraph 51 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 51 of the Complaint and demands strict proof thereof.

## (Count Two: Direct Negligence)

50. The allegations contained in Paragraph 52 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 52 of the Complaint and demands strict proof thereof.

51. The allegations contained in Paragraph 52 of the Complaint, including subparts "a." through "g.," relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 51 of the Complaint, including subparts "a." through "g.," and demands strict proof thereof.

52. The allegations contained in Paragraph 54 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 54 of the Complaint and demands strict proof thereof.

53. The allegations contained in Paragraph 55 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 55 of the Complaint and demands strict proof thereof.

54. The allegations contained in Paragraph 56 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 56 of the Complaint and demands strict proof thereof.

55. The allegations contained in Paragraph 57 of the Complaint, including subparts "a." through "f.," relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 57 of the Complaint, including subparts "a." through "f.," and demands strict proof thereof.

56. The allegations contained in Paragraph 58 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

57. The allegations contained in Paragraph 59 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 59 of the Complaint and demands strict proof thereof.

58. The allegations contained in Paragraph 60 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof.

59. The allegations contained in Paragraph 61 of the Complaint relate to

legal questions to which no responsive pleading is required. Nevertheless, Defendant specifically denies the allegations contained in Paragraph 61 of the Complaint and demands strict proof thereof.

### (Count Three: Punitive Damages)

60. Defendant denies the allegations contained in Paragraph 62 of the Complaint and demands strict proof thereof. Defendant specifically denies that Plaintiff is entitled to punitive damages.

### DAMAGES

61. Paragraph 63 of the Complaint is merely an incorporation by reference to which no responsive pleading is required. However, to the extent that a responsive pleading is required, Defendant incorporates by reference each and every response set forth in the preceding paragraphs as if set forth fully herein.

62. Defendant denies that Plaintiff is entitled to any damages from Defendant as a result of the incident made the basis of the Complaint, including those contained in Paragraph 64 of the Complaint.

63. The allegations contained in Paragraph 65 of the Complaint involve legal questions to which no responsive pleading is required. Nevertheless, Defendant denies the allegations contained in Paragraph 65 of the Complaint and demands strict proof thereof. Defendant specifically denies that Plaintiff is entitled to any damages from Defendant as a result of the incident made the basis of the Complaint, including punitive damages.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

64. Defendant denies the allegations contained in Plaintiff's unnumbered "WHEREFORE" prayer for relief, and specifically denies that Plaintiff is entitled to any damages from Defendant, including those damages identified in subparts "a." through "e." of this unnumbered paragraph.

## AFFIRMATIVE DEFENSES

1. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that all allegations contained in the Complaint not specifically admitted by Defendant in this pleading are denied.

2. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that the Complaint fails to state any claims against Defendant for which relief may be granted.

3. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that the negligence of Plaintiff was the sole proximate cause of the damages alleged in the Complaint.

4. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that the negligence of one or more third parties over whom Defendant has no control and for whom Defendant is not liable or responsible was the sole proximate cause of the damages alleged in the Complaint.

5. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that the negligence of the Plaintiff proximately caused or contributed to the damages alleged in the Complaint, thereby reducing any damages

by an amount proportionate to Plaintiff's own degree of fault in the unlikely event of an award of damages in Plaintiff's favor.

6. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that the contributing negligence or fault of one or more third parties was a proximate or contributing cause of Plaintiff's alleged damages, which should be apportioned. In the unlikely event of an award of damages in Plaintiff's favor, any damages awarded should be reduced by the percentages of fault attributed to the one or more third parties, and any award of damages against Defendant should be limited only to the percentage of fault attributable to Defendant.

7. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that no acts or omissions on the part of Defendant were a substantial factor in causing or contributing to Plaintiff's claimed injuries, but were superseded by acts or omissions of one or more third parties, which are independent, intervening, and proximate causes of Plaintiff's claimed injuries for which Defendant is not legally responsible.

8. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that any claimed damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed by Plaintiff. Because Plaintiff failed to mitigate his claimed damages, Defendant is not legally responsible for those claimed damages.

9. Pleading further, alternatively, and by way of affirmative defense,

Defendant asserts that the events giving rise to Plaintiff's damages occurred as the result of accidental events without active negligence on the part of Defendant, thereby precluding Plaintiff from recovery from Defendant.

10. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's claims are barred to the extent his damages were caused by a pre-existing condition.

11. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff has failed to join indispensable parties and, therefore, his Complaint should be dismissed.

12. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that if Defendant is liable to any extent, which Defendant affirmatively denies, Defendant is only severally liable and therefore not liable for the negligence or fault of any other person or entity which was a proximate cause of the alleged injuries and damages.

13. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in the highly unlikely event that Defendant is found to be negligent per se, the alleged acts or omissions made the basis of any such finding were justified or excused.

14. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff has failed to sufficiently state any facts in support or justification of an award for punitive or exemplary damages.

15. Pleading further, alternatively, and by way of affirmative defense,

Defendant asserts that to the extent the Complaint contains claims for punitive or exemplary damages, such damages would be unjustified and constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States as well as the following provisions of the Constitution of the State of New Mexico: Article I, Section 10; Article II, Section 13; and Article II, Section 19. Defendant further asserts that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above. Defendant further asserts that Plaintiff's claims for punitive or exemplary damages should be stricken in the absence of Plaintiff making some prima facie or factual showing supporting such claims.

16.    Defendant neither knowingly nor intentionally waives any further applicable affirmative defenses. Defendant reserves the right to assert additional defenses that may be discovered in the course of the proceedings of this matter and to which they may be entitled under the law, including any applicable case law, statutes, or rules of the jurisdictions whose law may be found to apply to the claims asserted.

## JURY DEMAND

Defendant hereby demands a trial by jury in accordance with Federal Rule of Civil Procedure 38.

## CONCLUSION

Defendant, ADD Express, Inc., having answered and asserted its affirmative defenses, prays that Plaintiff's Complaint be dismissed with prejudice. Further, Defendant requests that it recover its costs incurred herein, expended and accruing, and for such other and further relief to which Defendant may be deemed entitled.

Respectfully submitted,

**MAYER LLP**

By:  */s/ Brian J. Fisher*
Brian J. Fisher
Moses B. Winston

9400 Holly Avenue NE, Building 3
Albuquerque, New Mexico 87122
Telephone:   505.483.1840
Facsimile:   505.483.1841
Email:   BFisher@mayerllp.com
   MWinston@mayerllp.com

*Attorneys for Defendant ADD Express, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on August 16, 2023, a true and correct copy of the foregoing was forwarded to the following counsel of record via CM/ECF and electronic mail pursuant to Federal Rule of Civil Procedure 5:

Michael R. Cowen
BEGUM & COWEN, PLLC
6243 West Interstate 10,
San Antonio, Texas 78201
efilings@cowenlaw.com


 */s/ Brian J. Fisher*
Brian J. Fisher

9570476v2 (11068.00008)