IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAMON DONATO SAIZ,

    Plaintiff,

v.                                                                 Civ. No. 23-660 MLG/GBW

ADD EXPRESS, INC.,

    Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court upon Plaintiff's Motion to Compel ("Motion"). *See doc. 25*. Having considered the Motion, the attendant briefing (*docs. 26, 28*), and the parties' oral arguments (*doc. 29*), the Court will GRANT IN PART the Motion.

**I.**     **BACKGROUND**

This case arises from a motor vehicle accident that occurred on March 2, 2023, in Bernalillo County, New Mexico. *Doc. 18* ¶ 38. Plaintiff, Ramon Donato Saiz, alleges that he sustained "severe and permanent bodily injuries" as a result of a collision that occurred between him and Jose Luis Ramirez Lopez ("Lopez"), a former employee of Defendant ADD Express, Inc. ("ADD Express"). *Id*. ¶ 45. Plaintiff brings negligence and vicarious liability claims against Defendant. *Id*. ¶¶ 51-63.

On December 13, 2023, Plaintiff filed the instant Motion which requests that the Court compel Defendant to produce discovery on a variety of topics. *Doc. 25*.

1

Defendant responded to the Motion on December 27, 2023. *Doc. 26*. The Motion was fully briefed on January 9, 2024, with the filing of Plaintiff's Reply. *Doc. 28*. The Court held a hearing on the Motion on January 17, 2024. *See doc. 29*.

## II.     LEGAL STANDARD

Plaintiff's Motion concerns the validity of a number of objections made by Defendant to his discovery requests. The Federal Rules of Civil Procedure provide, generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Where one party improperly fails to respond to another party's discovery requests, the requesting party may move to compel disclosure and for appropriate

sanctions. Fed. R. Civ. P. 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Federal Rule of Civil Procedure 33 governs interrogatories to parties. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Where the responding party objects, the grounds for such objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Objections not timely made are waived. *Id*. In every response to the contested interrogatories, Defendant states, "[s]ubject to and without waiving the preceding objections," before providing partial answers. *See doc. 25-1* at 3-7. Such disclaimer notwithstanding, a "unilateral declaration that no objections are waived will not be allowed to displace the command of Rule 33 that the party either answer fully or object." *D.J. Simmons, Inc. v. Broaddus*, 2001 WL 37125080, at *3 (D.N.M. July 10, 2001) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977)).

Federal Rule of Civil Procedure 34 provides for the production of documents, electronically stored information, and tangible things in response to a party's discovery request. Requests for production should "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). In practice, this directive means that "a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents

are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.'" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008) (quoting Wright & Miller, 8A Fed. Practice & Procedure § 2211, at 415). A proper response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). In doing so, the party must also "state whether any responsive materials are being withheld" on the basis of the objection. Fed. R. Civ. P. 34(b)(2)(C). The responding party "need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(iii).

### III. OBJECTIONS TO DISCOVERY REQUESTS GENERALLY

#### A. Boilerplate Objections

As noted previously, objections to a discovery request must be stated with specificity. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Broaddus*, 2001 WL 37125080, at *3 (quoting *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586-87 (C.D. Cal. 1999)). *See also Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) ("[B]oilerplate objections may border on a frivolous response to discovery requests."). Courts have broadly agreed that:

> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery must show specifically how

4

each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.

*Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-85 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

### B. Objections Based on Prematurity of Request and Contention Interrogatories

Generally, both interrogatories and requests for production must be answered within thirty days of being served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). The Federal Rules provide that in the case of "contention" interrogatories (interrogatories that ask for an opinion or contention relating to fact or the application of law to fact), the court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2); *see Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). However, even contention interrogatories must be timely answered unless the court finds a compelling justification for delay. *See Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 649-50 (D. Kan. 2011) (finding "no persuasive reason for Defendants to defer their answers" to interrogatories); *Anaya v. CBS Broadcasting Inc.*, 2007 WL 2219458, at *9 (D.N.M. May 16, 2007) (overruling an objection of prematurity and noting plaintiff's "duty to provide [defendants] with the most complete answers to her knowledge at this time").

5

Additionally, in responding to a contention interrogatory regarding an affirmative defense, defendants must identify the material, or principal, facts that support the defense. *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

### C. Responses by Reference to Interrogatories

The Federal Rules require responding parties to answer interrogatories "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responses by reference to another document are therefore insufficient. *See, e.g., Yazzie v. Law Offices of Farrell & Seldin*, 2010 WL 11450784, at *2 (D.N.M. Oct. 1, 2010) (citing *Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968)) ("While a party may incorporate by reference prior answers to interrogatories to avoid duplication, it may not do so by referring to documents outside the answers."); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 663 (D. Colo. 2000); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).

### IV. ANALYSIS

Based on the case law cited above and the explanations provided to the Court by parties' counsel at the Motion hearing on January 17, 2024, *see doc. 29*, the Court rules as follows:

### A. Interrogatory 1

Defendant's objections to this interrogatory are without merit. Thus, the Court grants Plaintiff's Motion with respect to Interrogatory 1, and a response thereto is compelled.

### B. Interrogatory 2

At the Motion hearing, Defendant withdrew its objection to Interrogatory 2. *See doc. 29* at 2. The response thereto is therefore compelled.

### C. Interrogatory 3

Defendant's objections to this interrogatory are without merit. Thus, the Court grants Plaintiff's Motion with respect to Interrogatory 3, and a response thereto is compelled. In fact, at the Motion hearing, Defendant declared that it has admitted that Lopez was in the course and scope of his employment with Defendant at the time of the subject collision. *See doc. 29* at 2. As such, Defendant's response should answer the first question in the affirmative. In that event, the second question in Interrogatory 3 need not be answered.

### D. Interrogatory 5

Defendant's objections to this interrogatory are without merit. Thus, the Court grants Plaintiff's Motion with respect to Interrogatory 5, and a response thereto is compelled.

### E. Interrogatories 7 and 8

Defendant's objections to this interrogatory have little merit, and its response is compelled except as described herein. For the complete set of information requested in Interrogatories 7 and 8, it shall be limited to the vehicle involved in the collision within a year prior to the collision. With respect to other vehicles operated by Defendant,

7

Defendant must provide the name of any of the following used on its other vehicles within a year prior to the collision: any type of GPS system, any computerized device used to monitor the movements and/or speed of its tractors and/or trailers, and any type of on-board video or dash camera system.  With those limitations, the Court grants Plaintiff's Motion with respect to Interrogatories 7 and 8.

### F.  Interrogatory 9

Defendant's objections to this interrogatory have little merit, and its response is compelled except as described herein.  This request seeks information related to Lopez's cell phone number(s) and carrier(s).  Defendant must provide Plaintiff with any cell phone number it issued to Lopez during his employment, as well as the corresponding cell phone carrier information.  Additionally, Defendant must provide Plaintiff with any cell phone number it knows Lopez used six (6) months prior to and fourteen (14) days after the collision, as well as the corresponding cell phone carrier information.  With those limitations, the Court grants Plaintiff's Motion with respect to Interrogatory 9.

### G.  Interrogatory 10

At the hearing, Defendant agreed to supplement its response to Interrogatory 10.  *See doc. 29* at 3.  Defendant's objection to Interrogatory 10 is therefore overruled.  The Court will grant Plaintiff's Motion with respect to Interrogatory 10 and compel Defendant to supplement its response.

### H. Interrogatory 13

Defendant's objections to this interrogatory have little merit, and its response is compelled except as described herein. The information requested in Interrogatory 13 shall be limited to the time period in which Lopez was employed with Defendant. With that limitation, the Court grants Plaintiff's Motion with respect to Interrogatory 13.

### I. Request for Production 1

Defendant's objections to this request for production have some merit, and its response is compelled except as described herein. The information requested in Request for Production 1 shall be limited to Defendant's vehicle involved in the collision within a week of the collision. With that limitation, the Court grants Plaintiff's Motion with respect to Request for Production 1.

### J. Request for Production 2

Defendant's objections to this request for production have some merit, and its response is compelled except as described herein. The information requested in Request for Production 2 shall be limited to the scene of the collision within a week of the collision. With that limitation, the Court grants Plaintiff's Motion with respect to Request for Production 2.

### K. Request for Production 6

Defendant's objections to this request for production have little merit, and its response is compelled except as described herein. The information requested in Request for Production 6 shall be limited to statements related to the subject collision. With that limitation, the Court grants Plaintiff's Motion with respect to Request for Production 6.

### L. Requests for Production 8, 9, and 10

Defendant's objections to these requests for production are without merit. Thus, the Court grants Plaintiff's Motion with respect to Requests for Production 8, 9, and 10, and responses thereto are compelled.

### M. Request for Production 11

Defendant's objections to this request for production have little merit, and its response is compelled except as described herein. The information requested in Request for Production 11 shall be limited to all manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Lopez at the time of the subject collision, **and related to driving**. With that limitation, the Court grants Plaintiff's Motion with respect to Request for Production 11.

### N. Request for Production 12

At the Motion hearing, Defendant withdrew its objection to Request for Production 12. *See doc. 29* at 5. The response thereto is therefore compelled.

### O. Request for Production 13

Defendant's objections to this request for production have some merit, and its response is compelled except as described herein. The information requested in Request for Production 13 shall be limited to copies of any worksheets, tests, road tests, or other testing materials related to driving completed by Lopez during his employment with Defendant. With that limitation, the Court grants Plaintiff's Motion with respect to Request for Production 13.

### P. Request for Production 14

At the hearing, Defendant agreed to supplement its response to Request for Production 14. *See doc. 29* at 5. Defendant's objection to Request for Production 14 is therefore overruled. The Court will grant Plaintiff's Motion with respect to Request for Production 14 and compel Defendant to supplement its response.

### Q. Request for Production 15

At the Motion hearing, Defendant withdrew its objection to Request for Production 15. *See doc. 29* at 5. The response thereto is therefore compelled.

### R. Request for Production 16

Defendant's objections to this request for production is without merit. Thus, the Court grants Plaintiff's Motion with respect to Request for Production 16, and a response thereto is compelled.

V.  **AWARD OF EXPENSES**

The Federal Rules provide that, if a motion to compel disclosure or discovery is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).  If such motion is granted in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  In his motion, Plaintiff did not seek expenses and thus Defendant has not had an opportunity to be heard on the matter.  As such, the Court will not impose an award of expenses.

VI.  **CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Compel is GRANTED IN PART.

To the extent that it has not already done so, Defendant shall provide full and complete responses, subject to the Court's limitations, to Interrogatories 1, 2, 3, 5, 7, 8, 9, 10, and 13.  Where no information has been withheld, Defendant must so certify. Defendant shall also either provide, or specifically identify if already produced, documentation responsive to Requests for Production Nos. 1, 2, 6, 8, 9, 10, 11, 12, 13, 14,

15, and 16, subject to the Court's limitations. Where no responsive documents are in its possession, custody, or control, Defendant must so certify.

IT IS SO ORDERED that Defendant's responses to the above-listed discovery requests are due **no later than fourteen (14) days from the issuance of this Order**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE